UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (WESTERN DIVISION)

Case No.: 04-30229-KPN

| | |
|---|---|
| CINDY LOU PECK, on behalf of herself ) <br> and all other employees of American Music ) <br> Group, Inc. similarly situated, ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AMERICAN MUSIC GROUP, INC., ) <br> GUITAR CENTER, INC., DAVID ) <br> FLEMMING, MARTY ALBERTSON ) <br> and THOMAS RINALDI ) <br>     Defendants. ) <br> _____) | COMPLAINT AND DEMAND FOR JURY TRIAL |

## NATURE OF CLAIMS

The above-named Plaintiff, at all times relevant to this action an employee of the Defendants American Music Group, Inc. and Guitar Center, Inc., brings this action on behalf of herself and other similarly situated employees of the Defendants to recover unpaid minimum wages, overtime compensation, liquidated damages, attorneys fees and costs, under the provisions of Section 7 and Section 16(b) of the Fair Labor Standards Act of 1938 as amended (29 U.S.C.A. § 207; 29 U.S.C.A. § 216(b) hereinafter referred to as the Act).

## JURISDICTION

Jurisdiction of this action is conferred on this Court by Section 7 and Section 16(b) of the Act (29 U.S.C.A. § 207; 29 U.S.C.A. § 216(b)), and by the provisions of 28 U.S.C.A. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce." This Court has supplemental jurisdiction over the claims in this action arising under the laws of the Commonwealth of Massachusetts, M.G.L.A. c. 149 § 148 and M.G.L.A. c. 151 § 1A, pursuant to Section 1367 of Title 28 and the principles of pendent jurisdiction.

## PARTIES

1. Cindy Lou Peck, (hereinafter "Peck"), is an individual who resides at 46 Rowe Road, Heath, Franklin County, Massachusetts.

2. The Defendant American Music Group, (hereinafter "AMG"), is a nationwide corporation with its corporate offices located at 7845 Maltage Drive, Liverpool, New York 13090. At all times pertinent to this Complaint, the Defendant maintained a regional facility at 20 Colrain Street, Greenfield, Massachusetts 01301.

3. The Defendant Guitar Center, Inc., (hereinafter "Guitar Center"), is a nationwide corporation with its corporate offices located at 5795 Lindero Canyon Road, Westlake Village, CA 91362 and is an enterprise within the meaning of 29 U.S.C. § 203(r).

4. The Defendant David Flemming, (hereinafter "Flemming"), is President of AMG.

5. The Defendant Marty Albertson, (hereinafter "Albertson"), is President of Guitar Center, Inc.

6. The Defendant Thomas Rinaldi, (hereinafter "Rinaldi"), is the manager of the AMG Greenfield facility and was the manager and supervisor of Peck while she was an employee of AMG.

## FACTS

7. Peck was hired on December 28, 2001 as an "Educational Representative" for AMG and was employed as such until December 20, 2002 when she was terminated.

8. AMG has nineteen facilities nationwide, one of which is the facility located at 20 Colrain Street, Greenfield, Franklin County, Massachusetts.

9. Peck was hired to work at the Greenfield facility by Rinaldi, on behalf of AMG, after responding to a newspaper advertisement dated December 11, 2001. Upon being interviewed, she was informed that her salary would be $28,500.00 per year. After she was hired, she was told her salary would be $26,500.00 per year.

10. Peck was, at all times pertinent to this Complaint, an Educational Representative engaged in the work of marketing musical instruments to educational institutions in the states of Massachusetts and Connecticut. At all times pertinent to this Complaint, Peck was an employee of the Defendants and, at all times pertinent to this Complaint, the Defendant AMG was engaged in the business of marketing musical instruments from its regional facility at 20 Colrain Street, Greenfield, Franklin County, Massachusetts.

11. At all times pertinent to this Complaint, Peck, on behalf of the Defendants, and the Defendants were engaged in interstate commerce by regularly soliciting sales and rentals of musical instruments to educational institutions in the states of New Hampshire, Massachusetts and Connecticut, substantial quantities of which were received from the parent company at the Greenfield facility and then actually marketed, sold, rented, and transported by Peck and other similarly situated employees of the Defendants, on behalf of the Defendants, to various points outside the state of Massachusetts.

12. The transportation of musical instruments by Peck, on behalf of the Defendants, in a truck owned by the Defendant, AMG, and driven by Peck, was directly essential to the sales and marketing activity of the Defendants and moved in interstate commerce, and the transportation was a process related to the marketing and sale of the Defendants'

product, and Peck and other similarly situated employees of the Defendants, therefore, were engaged in commerce, as that term is used in the Act, while employed by the Defendants.

13. While employed by AMG, Peck served as an "Educational Representative," traveling throughout Massachusetts and Connecticut to provide on-site services, including sales and rentals of musical instruments to clients, including music departments and students of educational institutions.

14. Peck spent an average of 40% of her time performing such on-site service, 20% of her time performing activities at the Greenfield facility related to such on-site service, and 40% of her time performing activities at the Greenfield facility unrelated to outside sales activity or service. These tasks included setting up displays, answering retail phones, placing collection calls and requesting payment from past due customers, attending to walk-in customers, filing contracts, pulling instruments from stock and making inspections, performing computer research on instruments database, and performing miscellaneous research for AMG and Rinaldi.

14. Defendants inappropriately and willfully classified Peck as an exempt employee, under 29 U.S.C. § 213(a)(1), although she did not meet the criteria for such an exemption since she spent 40% of the hours worked in a workweek performing activities other than making outside sales and obtaining orders or contracts for services or for the use of facilities.

15. Peck worked an average of 85 hours a week, with hours during the fall months exceeding 100 hours a week. The longest of those weeks was 107 hours. Peck worked 7-day workweeks during most of her employment. During employment, Peck received a salary payment of $509.00 per week.

16. Though Defendants decreased Peck's pay for weeks when she was ill and/or on authorized medical leave, Defendants did not add pay for weeks when she worked overtime.

17. At all times pertinent to this Complaint, Defendants willfully failed to comply with the Fair Labor Standards Act, in that Peck worked for Defendants in excess of the maximum hours provided by the Act and payments were not made to Peck by Defendants at the rate of time and a half for the hours worked by Peck in excess of the hours provided for in 29 U.S.C. § 207(a)(1). Moreover, Peck was forced by Defendants to work for periods during which the minimum wage provided for in the Act was not paid and, more particularly, for which no payment whatsoever was made by the Defendant to Peck, all in violation of the mentioned Fair Labor Standards Act.

18. Peck was away from work on authorized leave for medical treatment beginning on November 27, 2002. Peck returned from this leave on December 16, 2002 and worked until December 20, 2002 at which time she was terminated without receiving compensation for that workweek and other wages owed to her.

19. Peck alleges that the hours she worked from September 5, 2002 to December 20, 2002, when the Defendants terminated her, regularly exceeded 85 per week. Peck alleges that she worked a minimum of 45 hours a week over the 40-hour a week standard reflected in company documents for her position, for which she was not compensated.

20. Peck also seeks liquidated damages pursuant to 29 U.S.C. § 216(b).

21. By reason of the Defendant's willful refusal to pay the unpaid minimum wages and overtime due Peck, it has been necessary for her to employ counsel to prosecute this cause.

## COUNT I

22. The Plaintiff repeats and reasserts the allegations of Paragraphs 1 – 21 above as if fully set forth herein.

23. The Plaintiff appropriately filed a complaint with the Office of the Attorney General for the Commonwealth of Massachusetts and received authorization to pursue pendant state matters through civil suit on August 14, 2003.

24. The Defendants; Guitar Center, AMG, Flemming, Albertson and Rinaldi, failed to pay the Plaintiff her total accrued wages on her date of discharge, in violation of Massachusetts General Laws Chapter 149, § 148, which states, inter alia:

> "any employee discharged from said employment shall be paid in full on the date of his discharge..." and further states "[t]he president and treasurer of a corporation and any officers or agents having the management of such corporation shall be deemed to be the employers of the employees of the corporation within the meaning of this section."

## COUNT II

25. The Plaintiff repeats and reasserts the allegations in Paragraphs 1-24 above as if fully set forth herein.

26. Defendants violated M.G.L.A. c. 151 § 1A by employing non-exempt employees, including Plaintiff, for workweeks longer than 40 hours without compensation for excess hours and without paying time and a half for excess hours.

27. Plaintiff seeks treble damages, pursuant to M.G.L.A. c. 151 § 1B, for Defendants violation of M.G.L.A. c. 151 § 1A.

## COUNT III

28. The Plaintiff repeats and reasserts the allegations in Paragraphs 1-27 above as if fully set forth herein.

29. Defendants willfully violated 29 U.S.C. § 207 by employing non-exempt employees, including Plaintiff, for workweeks longer than 40 hours without compensation for excess hours and without paying time and a half for excess hours.

30. As a result of Defendants' willful violation, Plaintiff appropriately brings this cause of action in accordance with 29 U.S.C. § 255(a) within three years after the cause of action accrued.

WHEREFORE, the Plaintiff requests:

1. Judgment against the Defendants in the amounts respectively due the Plaintiff for minimum wages, overtime compensation, liquidated damages, and costs under the provisions of the Fair Labor Standards Act of 1938 as amended and under M.G.L.A. c. 149 § 148 and M.G.L.A. c. 151 § 1A and § 1B.

2. Award to the Plaintiff a reasonable attorneys fee.

3. Such other and further relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Now comes the Plaintiff and respectfully demands trial by jury on all issues so triable.

Date: Nov 22, 2004

Respectfully submitted,
The Plaintiffs,
By their attorney,

John J. Green
Green, Miles, Lipton & Fitz-Gibbon
77 Pleasant Street, P.O. Box 210
Northampton, MA 01061-0210
Telephone: (413) 586-8218
Facsimile: (413) 584-6878
jgreen@greenmiles.com
BBO# 209020