UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (WESTERN DIVISION)

Civil Action No: 04-30229-KPN

| | |
|---|---|
| CINDY LOU PECK, on behalf of herself ) <br> and all other employees of American Music ) <br> Group, Inc. similarly situated, ) <br>         Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AMERICAN MUSIC GROUP, INC., ) <br> GUITAR CENTER, INC., DAVID ) <br> FLEMMING, MARTY ALBERTSON ) <br> and THOMAS RINALDI, ) <br>         Defendants. ) | PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) |

Now comes the Plaintiff in the above-entitled matter, Cindy Lou Peck (hereinafter "Plaintiff"), and submits the following Opposition to the Defendants' Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).

**The Court should deny Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).**

RESPONSE TO DEFENDANTS' STATEMENT OF FACTS

Defendants' Statement of Facts, as written in their Motion to Dismiss, is composed of facts accurately extracted from the Plaintiff's Complaint. Plaintiff further incorporates Complaint ¶ 7 through ¶ 21 focusing particular attention on ¶¶ 14-15 (note there are two ¶ 14s within the Complaint). (Plaintiff's Complaint is attached to Defendants' Motion to Dismiss).

STANDARD FOR DISMISSAL PURSUANT TO FED. R. CIV. P. (12)(B)(6)

"A complaint should not be dismissed for failure to state a claim [under a Rule 12(b)(6) motion] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In making its determination as to whether a complaint should stand under a Rule 12(b)(6) motion, the Court must take the plaintiff's allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999), Nader v. Citron, 372 Mass. 96, 97-98 (1977). In doing so, this Court should not allow the Defendant's motion to dismiss. A Rule 12(b)(6) motion to dismiss shall be granted "only if the plaintiff's factual averments hold out no hope of recovery on any theory adumbrated in [his] complaint." Rodi v. Southern New England School of Law, 395 F.3d 5, 20 (1st Cir. 2004). Since, Plaintiff's complaint does justify recovery, especially when liberally construed; the Court must allow the complaint to stand and to "facilitate a proper decision on the merits." Conley, 355 U.S. 41, 48 (1957). See also Leatherman v. Tarrant County N.I. & C. Unit, 507 U.S. 163, 164 (1993); Rodrigues v. Ripley Indust., Inc., 507 F.2d 782, 787 (1st Cir. 1974) (stating "[p]retrial statements are to be liberally construed to cover any of the legal or factual theories that might be embraced by their language.").

ARGUMENT

I. PLAINTIFF STATES A CLAIM IN COUNTS II AND III OF HER COMPLAINT SUFFICIENT TO WITHSTAND A MOTION TO DISMISS

A. <u>Plaintiff does not Fall Within the Meaning of a Driver so as to Permit a Dismissal of her Complaint under Rule 12(b)(6)</u>

Contrary to Defendants' Motion to Dismiss, Plaintiff's allegations do not "make clear" that Plaintiff falls within the motor carrier exemption to the overtime provisions of the Fair Labor Standards Act (FLSA) (29 U.S.C. § 213(b)(1)) or the similar exemption under M.G.L.A. c. 151 §1A. <u>See</u> Defendants' Motion to Dismiss, at 4. Plaintiff does state that her duties included, among others, "soliciting sales and rentals of musical instruments… to various points outside the state of Massachusetts", thus bringing her employment under the jurisdiction of the FLSA. <u>See</u> Complaint ¶ 11. 29 U.S.C. §207(a).

To fall within the Exemption from Maximum Hours Provisions for Certain Employees of Motor Carriers, the Plaintiff must be either a "driver, driver's helper, loader, or mechanic" AND must directly affect "the safety of operation of motor vehicles." <u>See</u> C.F.R. §782.2(b)(2) ("The exemption is applicable, under decisions of the U.S. Supreme Court, to those employees and those only whose work involves engagement in activities consisting wholly or in part of a class of work which is defined (i) as that of a driver, driver's helper, loader, or mechanic, and (ii) as directly affecting the safety of operation of motor vehicles on the public highways in transportation in interstate or foreign commerce within the meaning of the Motor Carrier Act.").

From the allegations in the complaint, it is not clear that Plaintiff is a "driver" as defined by 29 C.F.R §782.3 or pursuant to the Federal Motor Carrier Safety Regulations. <u>See</u> 49 C.F.R. §390.5 (stating that "driver means any person who operates a commercial motor vehicle" and "commercial motor vehicles means any self-propelled or towed motor

3

vehicle used on a highway in interstate commerce to transport passengers or property when the vehicle (1) has a gross vehicle weight rating or gross combination weight rating, or gross vehicle weight or gross combination weight of 10,001 pounds or more, whichever is greater…").  Further, by direction of the Supreme Court, the "determination of whether or not an individual employee is within any such classification is to be determined by judicial process" and therefore, should be determined on its merits rather than disposed of in a motion to dismiss.  See Pyramid Motor Freight Corp v. Ispass, 330 U.S. 695, 707 (1947); 29 C.F.R. §782.2.  See also 29 C.F.R. §782.3 (a) (stating "that an employee of a carrier who drives a motor vehicle is [not] exempted as a "driver" by virtue of that fact alone. He is not exempt if his job never involves transportation in interstate or foreign commerce within the meaning of the Motor Carrier Act.")  Additionally, looking to a detailed examination of the facts, exemptions under FLSA must be affirmatively established by and narrowly construed against the employer.  48 Am. Jur. 2d Labor and Labor Relations §4649 (citing to Walling Peacock Corp., 58 F. Supp 880 (DC Wis 1943), Sutton v. Engineered Systems, Inc., 598 F.2d 1134 (8th Cir. 1979)).  The Defendant has not so affirmatively established that Plaintiff falls within this exemption.

By Defendants' own admission in their Motion to Dismiss, "the Massachusetts' motor carrier exemption is nearly identical to the federal motor carrier exemption to the FLSA." See Motion to Dismiss, at 8.  Again, Plaintiff's complaint does not clearly allege that she was a "driver" within the meaning of the Act and therefore on the face of the complaint, it cannot be said that Plaintiff falls within the M.G.L.A. c 151 §1A (8) exemption.  "On a motion directed to the face of the pleading, the court must construe the allegations in a manner most favorable to the pleader and if the language is at all

4

ambiguous it should be construed most generously in favor of the pleader." United States Plywood Corp. v. Hudson Lumber, 17 F.R.D. 258, 261 (S.D.N.Y. 1955).

Thus, since it is not clear from the Complaint that Plaintiff falls within the motor carrier exemption or the similar Massachusetts's exemption, Plaintiff's complaint should not be dismissed.

B. Plaintiff does not Fall Within the Meaning of a an outside salesman so as to Permit a Dismissal of her Complaint under Rule 12(b)(6)

Contrary to Defendants' Motion to Dismiss, Plaintiff's allegations do not sufficiently "satisfy[y] all the elements of the outside sales employee exemption." See Motion to Dismiss, at 10. It is a question of fact, to be determined upon the introduction of evidence, whether Plaintiff's "primary duty" was to "mak[e] sales within the meaning of 3(k) of the Act, or… "[to obtain] orders or contracts for services… for which a consideration [would] be paid by the client or customer…" Similarly, it is also a question of fact as to whether the Plaintiff was "customarily and regularly engaged away from the employer's place or places of business in performing such primary duty" since the Complaint does not allege specific hours or time periods where these activities took place or the Plaintiff's "relative freedom from direct supervision". See 29 C.F.R. §541.500.

Thus, the Motion to Dismiss cannot be granted as to the outside sales employee exemption.

5

C. <u>Plaintiff's Complaint does not Sufficiently Show the Number of Hours Spent Performing Exempt v. Non-Exempt Activities as to Permit a Dismissal of the Complaint under Rule 12(b)(6)</u>

The Complaint does not state, and Defendants have not submitted evidence as to, whether Plaintiff performed such exempt activities each week in which she is claiming Defendants failed to pay her overtime and minimum wages pursuant to the FLSA or MGLA c 151 §1A.  The Plaintiff must be afforded a period of discovery to determine in which weeks, she performed non-exempt activities and Defendants failed to pay her overtime and minimum wages.

As Plaintiff's Complaint states in ¶ 14 (1st), she spent 40% of her time performing on-site service throughout Massachusetts and Connecticut, "20% of her time performing activities as the Greenfield facility relating to [] on-site service and 40% of her time performing activities as the Greenfield facility relating unrelated to outside sales activity or service."  Plaintiff goes on to list various activities that are in no way related to driving or outside sales exemptions.  <u>See</u> Complaint ¶ 14 (1st).  In weeks in which employees, such as the Plaintiff, perform non-exempt activities, the exemption is inapplicable and the employees must be paid in accordance with the FLSA.  <u>See Crooker v. Sexton Motors</u>, 469 F.2d 206, 210 (1972) (stating "[i]f in particular workweeks other duties are assigned to him which result, in those workweeks, in his performance of activities directly affecting the safety of operation of motor vehicles in interstate commerce on the public highways, the exemption will be applicable to him in those workweeks, but not in the workweeks when he continues to perform the duties of the non-safety-affecting job.")

6

Even if Plaintiff is found to be a driver in some aspects of her job, if at any time during her period of employment, Plaintiff did not drive or operate a motor vehicle (within the meaning of the Act) in interstate commerce for as long as a week, she would be entitled to overtime in those weeks.

D. <u>Defendants have Waived the Exemptions of the FLSA and the Motor Carrier Act</u>

In the course of discovery pursuant to an action filed by the Plaintiff against American Music Group (AMG) before the Massachusetts Commission Against Discrimination (Cindy Lou Peck v. AMG, MCAD Docket No. 03-SEM-400111), the document attached hereto as Exhibit A was uncovered and considered by the Plaintiff in preparation of her Complaint in this action. It is Plaintiff's contention that this document provided to Plaintiff by Defendant Thomas Rinaldi, her supervisor during her employment with AMG, is evidence that Defendants waived the exemptions of the FLSA and Motor Carrier Act for at least certain period of her employment and that a course of discovery is necessary to identify those periods.

II. <u>PLAINTIFF STATES A CLAIM IN COUNT I OF HER COMPLAINT SUFFICIENT TO WITHSTAND A MOTION TO DISMISS</u>

The Court cannot dismiss Count I of the Complaint, brought pursuant to supplemental jurisdiction (28 U.S.C. §1367), because the Court cannot dismiss Count III for the reasons stated above.

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss and allow the action to proceed on its merits.

Date:  2/28/05                                          Respectfully submitted,
                                                        Cindy Lou Peck,
                                                        John J. Green, Jr.


                                                        /s/John J. Green, Jr.
                                                        John J. Green, Jr.
                                                        GREEN, MILES, LIPTON &
                                                        FITZ-GIBBON
                                                        77 Pleasant Street, P.O. Box 210
                                                        Northampton, MA  01061-0210
                                                        Telephone: (413) 586-8218
                                                        Fax: (413) 584-6278
                                                        BBO# 209020


CERTIFICATE OF SERVICE

I, John J. Green, Jr., do hereby certify that, on this date, I served a copy of the foregoing document upon the Defendants by fax and by mailing same, first class postage prepaid, to Stephen Paterniti, Jackson Lewis LLP, 75 Park Plaza, Boston, Massachusetts 02116.

Date:  2/28/05                                          /s/John J. Green, Jr.
                                                        John J. Green, Jr.

# MEMO

DATE: 11/14/2002

TO: EVERYONE

FROM: TOM

RE: SERIALIZED INVENTORY

Everyone,

We have been asked to do a serialized inventory for the end of November 2002. We were asked to do it on Saturday November 23. As you know this is one of our GO days. Therefore we'll need to come in on Sunday November 24 to complete the entire inventory. As we count and confirm serial numbers the data will be entered into Tomax.

I know this is asking a lot of all of you, but we have no choice. Anything you can do to pitch in and cooperate will be appreciated. Salaried People – You will be compensated for the extra time you're giving.

Please see me if you have any questions or concerns.

OK.

Thank You,

Tom

JS/DP

11/14/2002



EXHIBIT A