UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
CINDY LOU PECK,                  )
Plaintiff                        )
                                 )
              v.                 )  CIVIL ACTION NO. 04-30229-MAP
                                 )
AMERICAN MUSIC GROUP, INC.,      )
GUITAR CENTER, INC., DAVID       )
FLEMMING, MARTY ALBERTSON        )
and THOMAS RINALDI,              )
Defendants                       )
```

MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTION TO DISMISS
(Docket No. 8)

August 31, 2005

PONSOR, D.J.

I. INTRODUCTION

This is an action brought under the Fair Labor Standards Act, as well as applicable state statutes, for recovery of wages and overtime pay. The defendants have moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Specifically, defendants contend that the facts averred in the plaintiff's complaint conclusively demonstrate that she falls within either the "motor carrier"

or "outside salesperson" exemptions to the FLSA's minimum wage or overtime compensation provisions. For the following reasons the defendants' motion will be denied.

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed only "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Lalonde v. Textron, Inc., 369 F.3d 1, 6 (1st Cir. 2004), quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). In applying this standard, the court will accept as true all the factual allegations contained within the complaint and draw all reasonable inferences in favor of the plaintiff. Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).

## III. FACTUAL BACKGROUND

The plaintiff, Cindy Lou Peck ("Peck"), was employed by the defendant American Music Group ("AMG") from December 28, 2001, until December 20, 2002. During the time of her employment, Peck was an "Educational Representative" and worked out of AMG's Greenfield, Massachusetts facility. In her position, plaintiff marketed musical instruments to

educational facilities in Massachusetts, Connecticut, and New Hampshire. This work required Peck regularly to transport the musical instruments to the institutions using a truck owned by AMG and driven by her.

Over the period of her employment, Peck worked greater than forty hours per week. The plaintiff estimates that she spent 40% of her time performing "on-site" services, including traveling to and from client educational facilities, and an additional 20% of her time preparing for travel and the site visits. The remaining 40% of her working hours were spent on activities unrelated to her travel and on-site services.

On or about November 27, 2002, Peck went on authorized medical leave. She returned to work on December 16 and was terminated from her employment on December 20, 2002 without having been compensated for the period of her medical absence.

On November 22, 2004, the plaintiff filed a complaint in three counts. Count I alleges a violation of Mass Gen. Laws ch. 149 § 148 for failing to pay the plaintiff her full wages on the day of her discharge; Count II alleges a violation of Mass. Gen. Laws ch. 151 § 1A for failing to pay

overtime, and Count III charges a violation of the Fair Labor Standards Act, 29 U.S.C. § 207, also based on the failure to pay overtime.

## IV.  DISCUSSION

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., was enacted by Congress in 1938 to protect workers from substandard wages and oppressive working hours. Section 207(1) of the FLSA establishes a maximum number of workable hours per week, beyond which an employer is required, unless otherwise provided, to compensate its employees at a rate not less than one and a half times their regular rate.

The overtime pay requirement is not absolute; exemptions from it are provided within 29 U.S.C. § 213.  Two such exemptions, claimed by the defendants here, are the "motor carrier" exemption and "outside salesperson" exemption.

### Motor Carrier Exemption

The motor carrier exemption excludes from FLSA's overtime pay requirement "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to

section 31502 of Title 49." 29 U.S.C. § 213(b)(1). Defendants contend that the company, AMG, fell within a sub-category of motor carrier known as a "motor private carrier" as set forth in 49 U.S.C. 31502(b)(2). A "motor private carrier" is a person, other than a motor carrier[1], that transports property that it owns, leases, or is the bailee of, in interstate commerce for the purpose of sale, lease, rent or otherwise furthering a commercial enterprise. 49 U.S.C. 13102. Defendants claim that, since the complaint avers AMG owned the musical equipment that was transported by motor vehicle in interstate commerce by the plaintiff, the court must conclude that AMG was a private motor carrier and that plaintiff was therefore exempt from the provisions of the FLSA.

The difficulty for the court, however, is that all employees of an employer qualified as a motor private carrier are not exempted. "The exemption of an employee from the hours provisions of the [FLSA] . . . depends both on the class to which his employer belongs and on the class

---

[1] A motor carrier refers to "a person providing motor vehicle transportation for compensation." 49 U.S.C. 13102(12).

of work involved in the employee's job."  29 C.F.R. § 782.2(a).  "Driver" is one of the exempted classes.  A driver, within the meaning of the Motor Carrier Act, is "any person who operates any commercial motor vehicle."  49 C.F.R. § 390.5.  A commercial vehicle "means any self-propelled . . . vehicle used on a highway in interstate commerce to transport passengers or property when the vehicle - (1) has a gross vehicle weight rating . . . or gross vehicle weight . . . of 4,536 kg (10,001 pounds) or more."  Id.  At this early stage of the litigation the court cannot say based solely on the allegations of the complaint that the vehicle driven by the plaintiff had a sufficient gross weight to qualify it as commercial.  Moreover, plaintiff is entitled to take discovery to develop the facts within this rather complex area.

Outside Salesperson

Employees may be exempted from FLSA's overtime provisions if they are employed in the capacity of "outside" salespersons.  29 U.S.C. § 213(a)(1).  An outside salesperson is one who "is employed for the purpose of and who is customarily and regularly engaged away from his

employer's place or places of business" to make sales. 29 C.F.R. § 541.500. The determination of whether an employee is properly categorized as an outside salesperson for the purpose of the FLSA is one of fact and not based on labels or descriptions of the job. Palmieri v. Nynex Long Distance Co., 2005 LEXIS 6057 *43-45 (D. Me. 2005), quoting Nielsen v. Devry, Inc., 302 F.Supp.2d 747, 756 (W.D. Mich. 2003). Based solely on the allegations in the complaint, the court lacks a sufficient basis to conclude that plaintiff performed outside sales duties with "a frequency that [was] greater than occasionally but . . . less than constant." 20 C.F.R. § 541.701 (defining "customarily and regularly"). The description of work and time allotment within the complaint is not detailed enough to require the court to conclude, as a matter of law, that she is an outside salesperson within the meaning of the FLSA.

## V.   CONCLUSION

Because the record at this point does not conclusively support the defendants' arguments in favor of dismissal the Motion to Dismiss is hereby DENIED. The clerk will contact the parties to set a date for a scheduling conference.

It is So Ordered.

/s/ Michael A. Ponsor
**MICHAEL A. PONSOR**
**U. S. District Judge**